IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WADE PERRY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3362 |
| | § | |
| U.S. BANK, N.A., | § | |
| | § | |
| Defendant | § | |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, seeking to enjoin eviction and reverse foreclosure, and alleging breach of contract, fraud, and promissory estoppel, is Defendant U.S. Bank, N.A.'s Rule 12(b)(6) motion to dismiss (instrument #6) Plaintiff Wade Perry's First Amended Complaint (#5) for failure to state a claim and as barred by the statute of frauds.

### Allegations of the Amended Complaint

Wade Perry ("Perry") and Dena Perry purchased the real property at 21923 Maybrook Court, Richmond, Texas on or about December 6, 2002. Perry executed a promissory Note in the amount of $161,100.00 and a Deed of Trust in which Mortgage Investment Lending Associates, Inc. is listed as Lender. The Note and Deed of Trust were later transferred to U.S. Bank, N.A., with Select Portfolio Servicing ("SPS") acting as U.S. Bank's agent and loan servicer.

After Perry began having financial problems, he claims he entered into debt restructuring negotiations with U.S. Banks to

modify the terms and conditions of the Note, and he was offered a loan modification and continued to submit financial documents to SPS.  He states that SPS representatives told him that while he was in loan modification status, he was not to make any mortgage payments, that he was to ignore any foreclosure notices, and that SPS would not take any action to foreclose on the property.  On August 6, 2013 he asserts that U.S. Bank wrongly conducted a foreclosure sale of his property in violation of the parties' agreement and without proper and timely notice to Plaintiff, as required by the Note, the Deed of Trust, and the Texas Property Code, and sold his property.

As causes of action Perry alleges that while he was in loan modification status, U.S. Bank (1) breached the oral agreement not to take any action to foreclose during loan modification status; (2) committed common law fraud in U.S. Bank's (or its agents') false and material representations that Perry was not allowed to make any mortgage payments, was to ignore any foreclosure notices, and that U.S. Bank would not foreclose on his property; and (3) made promises warranting the application of promissory estoppel to enforce these promises.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the

complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. at 679, the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely

conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

> Federal Rule of Civil Procedure 9(b) provides,
>
> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person must be averred generally.

"In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001).  In a securities fraud suit, the plaintiff must plead with particularity the circumstances constituting the alleged fraud:  Rule 9(b) requires the plaintiff to "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Securities Corp. v. INspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004), *quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997).  "'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of

facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006), *quoting United States ex. rel. Riley v. St. Luke's Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004).

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### U.S. Bank's motion to Dismiss Under Rule 12(b)(6)

U.S. Bank explains that after the property was sold through a trustee's sale, U.S. Bank tried to obtain possession of it by a forcible detainer suit. Perry filed this action and sought to enjoin enforcement of the eviction writ. Defendant removed the suit to this Court. Plaintiff's Amended Petition deleted his earlier request for injunctive relief.

The elements of a breach of contract claim under Texas law require Perry to allege and prove (1) the existence of a valid contract; (2) performance or tendered performance by Perry; (3) breach of contract by U.S. Bank; and (4) damages suffered by Perry as a result. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). For a valid and enforceable contract (both written and oral), a question of law under Texas law, the elements are (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) communication that each party consented to the terms of the contract; (5)

execution and delivery of the contract with an intent that it be mutual and binding on both parties; and (6) consideration.  *Searcy v. DDA, Inc.*, 201 S.W. 3d 319, 322 (Tex. App.–-Dallas 2006, no writ).

U.S. Bank contends that there was no consideration for the oral contract and the agreement required no performance by Plaintiff.  Under Texas law. the "'pre-existing duty rule,' an agreement to do what one is already bound to do generally cannot serve as 'sufficient consideration to support a contract modification.'"  *Rackley v. JPMorgan Chase Bank, N.A.*, No. SA-11-CV-387-XR, 2011 WL 2971357, *4 (W.D. Tex. July 21, 2011)("Usually, an enforceable contract modification must be supported by new consideration."), *quoting McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 93-95 (5th Cir. 1995), *corrected on denial of reconsideration*, 70 F.3d 16 (5th Cir. 1995).  Similarly any agreement to modify an existing written agreement must be in writing or it is unenforceable.  *Miller v. BAC Home Loans Servicing, LP*, 726 F.3d 717, 726 (5th Cir. 2013).  Here, contends U.S. Bank, the loan amount exceeded $50,000, the Amended Complaint fails to identify any enforceable modification agreement between the parties, and therefore this claim should be dismissed for failure to state a claim for which relief can be granted.

Moreover, also supporting dismissal of the claim, Plaintiff only formulaically recites that he was injured and is entitled to damages.  Furthermore, he admits that he defaulted on the payment obligation imposed by the written loan agreement.

- 7 -

Sale of the real property was a contractual remedy for Plaintiff's breach and was the result of his breach of that agreement, not the consequence of any action taken by U.S. Bank.

To plead and prove common law fraud under Texas law, a plaintiff must show "(1) a material misrepresentation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of the truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002). Federal Rule of Civil Procedure 9(b) requires that for a fraud claim, the plaintiff must "state with particularity the circumstances constituting fraud and mistake." The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Pollett v. Aurora Loan Services*, 455 Fed. Appx. 413, 415 (5th Cir. 2011); *Barcenas v. Home Loan Mortgage Corp.*, Civ. A. No. H-12-2466, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013). U.S. Bank maintains that Perry fails to comply with Rule 9(b). Pleading only conclusory statements, Perry does not identify who made the representations or what indicates the representative knew his statement was false when made, or any substantive action he took in reliance on the representation, or any facts showing he was injured as a result of his reliance. Furthermore Perry concedes he was in default in repayment of the debt and remained in default after the alleged

representations, so he did not cease making payments in reliance on them. In addition, insists U.S. Bank, Perry's alleged reliance on the oral representations was not reasonable as a matter of law because the representations were contrary to the terms of his written loan agreement. *Milton v. U.S. Bank Nat'l Assoc.*, 508 Fed. Appx. 326, 330 (5th Cir. 2013), *citing TMI, Inc. v. Brooks*, 225 S.W. 3d 783, 795 (Tex. App.--Houston [14[th] Dist.] 2007, pet. denied). Perry's claim that a trustee's sale authorized by the Deed of Trust would be postponed during the loan modification was a modification of the terms of the written loan agreement and his reliance on these oral representations was not reasonable as a matter of law.

Last, Plaintiff's promissory estoppel claim is based on U.S. Bank's alleged oral promise to forego the trustee's sale of the property, which fails because any modification of the written loan agreement must be in writing according to the statute of frauds. A limited exception is promissory estoppel, for which a plaintiff must allege and prove facts showing "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W. 2d 521, 524 (Tex. 1983). When the statute of frauds is applicable, promissory estoppel may be used "only if the alleged oral promise is a promise to sign an existing document that satisfies the statute of frauds." *Carillo v. Bank of America, N.A.*, Civ. A. No. H-12-3096, 2013 WL1558320, at *8 (S.D. Tex. Apr. 11, 2013), *citing Bank of Texas, N.A. v. Gaubert*, 286

S.W. 3d 546, 553 (Tex. App.--Dallas 2009, pet. dism'd), and *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010). Plaintiff claims to avoid the statute of frauds by alleging that U.S. Bank's representatives agreed to confirm in writing the alleged oral agreement to postpone the foreclosure sale. U.S. Bank argues that this allegation fails because to prevail, there must be a promise to execute an ***existing*** writing that satisfies the requirements of the statute of frauds. *Gaubert*, 286 S.W. 3d at 553; *Leor Energy*, 600 F.3d at 549 ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it."). Perry fails to make such an allegation and thus his promissory estoppel claim is barred by the statute of frauds.

### Perry's Response(#8)

Perry contends that his estoppel claim is that U.S. Bank induced him to default on his mortgage, in the nature of waiver or excuse; he is not seeking to enforce an oral agreement to modify the loan. The law recognizes a distinction between trying to enforce an  agreement barred by the statute of fraud and seeking to estop a party to an enforceable contract from asserting a breach, a distinction between modification and waiver. *Montalvo v. Bank of America Corp.*, No. S.A.-10-CV-360-XR, 2013 WL 870088, at *6 (W.D. Tex. Mar. 7, 2013)("'While the statute of frauds may prevent an oral modification of a contract, 'any contractual right can be waived,' even if it's governed by the statute of

frauds.'"), *quoting Kim v. Ahn*, No. 01-11-00231-CV, 2012 WL 4857356, at *4 (Tex. App.--Houston [1st Dist.] Oct. 11, 1012, no pet,), *quoting R. Conrad Moore & Assoc. v. Lerma*, 946 S.W. 2d 90, 93 (Tex. App.--El Paso 1997, writ denied).

As for his common law fraud claim, Perry contends that "it is readily apparent that the Plaintiff relied on the Defendant's oral misrepresentations which caused injury to Defendant--the loss of his Property." #8 at p.2. He claims he has satisfied Rule 9(b) because he has pled that the foreclosure sale occurred on August 6, 2013 and that he bought the property on December 6. 2001, so the misrepresentations were made sometime between those two dates. He has alleged that the misrepresentations were that while he was in loan modification status, he was not allowed to make any mortgage payments, that he would ignore any foreclosure notices that he received, and that U.S. Bank would not take any action to foreclose on his property.

Insisting that promissory estoppel is a viable alternative to a breach of contract claim since the oral agreement is unenforceable under the statute of frauds, Perry's First Amended Complaint further alleges, "At the Plaintiff's request, SPS's representative promised to confirm these agreements in writing." The statute of frauds does not apply to promissory estoppel. He has pleaded the elements of promissory estoppel: U.S. Bank made a promise to Perry, Perry reasonably and substantially relied on the promise to his detriment, Perry's

reliance was foreseeable by U.S. Bank, and injustice can be avoided only by enforcing U.S. Bank's promise.

### U.S. Bank's Reply (#10)

Emphasizing that the First Amended Complaint does not allege that Perry was induced into default by U.S. Bank, but instead states that he experienced financial difficulties and sought a loan modification as a result of his default. The Court agrees.

Plaintiff cites *Montalvo* to support his claim of waiver. U.S. Bank points out that the court in that case initially recognized the possibility of waiver under similar circumstances but subsequently rejected the claim because "any implied claim of waiver fails because the claim would solely rely on evidence of unenforceable oral representations, allegedly made by Defendants." 2013 WL 870088, at *8. Furthermore, any facts pled in support of Perry's waiver of default/breach of contract claim are unenforceable oral representations that contradict the terms of the written loan agreement and are barred by the statute of frauds, on the face of the pleadings.

Perry's promissory estoppel allegation fails because the narrow exception to the statute of frauds requires a promise to execute an existing writing that satisfies the statute of frauds. *Gaubert*, 286 S.W. 3d at 553; *Leor Energy*, 600 F.3d at 549.

As for Perry's fraud claims and Rule 9, U.S. Bank cites *Ausmus v. HSBC Bank, USA*, No. G-13-288, 2013 WL 6195482, at *5 (S.D. Tex. Nov. 27, 2013), in which the borrower alleged that the

misrepresentations occurred after the purchase of the property, but "most likely [the representations] transpired within the one year prior to the 2012 foreclosure sale." The court dismissed the fraud claims because the pleadings were "scant" and failed to comply with Rule 9(b). *Id.* Furthermore, reliance on representations that contradict the terms of the loan agreement is unreasonable as a matter of law. *Milton,* 508 Fed. Appx. at 330.

### Court's Decision

Because the Court finds that U.S. Bank correctly cites the law and applies it to the First Amended Complaint here, the Court

ORDERS that its motion to dismiss under Rule 12(b)(6) is GRANTED and this case is DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this _9_th_ day of _July_, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

- 13 -